UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DWIGHT DAVIS,<br><br>   Plaintiff,<br><br> -v-<br><br>CREDIT CORP SOLUTIONS INC.,<br><br>   Defendant. | CASE NO.: 1:20-cv-02503<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Dwight Davis, for his Complaint against Credit Corp Solutions Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as outlined in this Complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the Indiana state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff, Dwight Davis ("Davis"), is a natural adult person residing in Columbus, Indiana, which lies within the Southern District of Indiana.

5. Davis is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Davis is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Credit Corp Solutions Inc., is a Delaware corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

12. Due to a period of financial difficulty, Davis has fallen behind on some of his financial obligations, including a consumer debt originally owed to Synchrony Bank in connection with a Lowes credit card account (the "Subject Debt").

13. On April 21, 2020, following a period of non-payment, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

14. On or around April 29, 2019, Davis received a dunning correspondence from Defendant attempting to collect the Subject Debt (the "Collection Letter"). A copy of the Collection Letter is attached to this Complaint as Exhibit A.

15. In the Collection Letter, Defendant identified itself to Davis as a "debt collector" attempting to collect a "debt." *See* Exhibit A.

16. The Collection Letter stated, in relevant part:

> "We may report information about your account to credit bureaus. ***Late payments, missed payments, or other defaults on your account may be reflected in your credit report***." (emphasis added)

*See* Exhibit A.

17. The emphasized statement cited in paragraph 16, *supra*, as reflected in the Collection Letter, was a false, deceptive and/or misleading representation to the extent it implied that Defendant would report "late payments," "missed payments" or "other defaults" concerning Davis' account to the credit bureaus when, in actuality, it had no ability or intention of doing so.

18. While original creditors (such as Synchrony Bank in this instance) report "late payments," "missed payments" and "other defaults" to the credit bureaus in connection with delinquent consumer credit accounts, debt collectors, such as Defendant, do not – and cannot – report this information to the credit bureaus.

19. Upon information and belief, Defendant does not have the present capability of reporting a "late payment," "missed payment" or "other default" to any credit bureau and, therefore, cannot take any of these actions even if it wanted to.

20. Confused upon reading Defendant's representation cited in paragraph 16, *supra*, and concerned that Defendant could and would do greater harm to his credit than other debt

collectors he had previously dealt with, Davis reached out to his attorneys for assistance and clarification regarding his rights.

21. After a reasonable time to conduct discovery, Davis believes he can prove that all actions by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. Davis was confused and misled by the Collection Letter.

23. Davis justifiably fears that, absent the Court's intervention, Defendant will continue to use unlawful means in its attempts to collect the Subject Debt from him and ultimately cause unwarranted harm to his credit or other financial harm.

24. Due to Defendant's conduct, Davis was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to Defendant's conduct, Davis is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10) and f*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be

> taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

28.   Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10) and f in sending the Collection Letter to Plaintiff. By threatening negative credit reporting actions vis-à-vis Plaintiff that it did not presently intend or have the ability to take, Defendant used false, deceptive and misleading representations and/or means in an effort to create a sense of urgency in Plaintiff to coerce him into making an immediate payment of the Subject Debt.

29.   Defendant's empty credit reporting threats directed to Plaintiff were material to Plaintiff's decision-making concerning the Subject Debt.

30.   As an experienced debt collection agency, Defendant knows that it is required to make only truthful and accurate representations and statements to consumers.

31.   As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

32.   All prior paragraphs are incorporated into this count by reference.

33.   The IDCSA states, in relevant part:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations. I.C. § 24-5-0.5-3(a).
>
> Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer

> transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). I.C. § 24-5-0.5-3(b)(20).
>
> A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000). I.C. § 24-5-0.5-4(a)(1)(2).

34. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

35. Defendant engaged in deceptive and unfair conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by, *inter alia*, threatening negative credit reporting actions against Plaintiff that it did not presently intend or have the ability to take.

36. Defendant intended for Plaintiff to rely on its deceptive and unfair conduct to procure immediate payment of the Subject Debt from Plaintiff. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

37. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

38. Plaintiff is, therefore, entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dwight Davis, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 29th day of September, 2020.    Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Geoff B. McCarrell*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Avenue, Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　geoff.m@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Dwight Davis*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Geoff B. McCarrell*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell (OH #0086427)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC

7